| United States Bankruptcy Court<br>Southern District of New York | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**InSight Health Services Holdings Corp.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all):<br>**04-3570028** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): |

| Street Address of Debtor (No. & Street, City, and State):<br>**26250 Enterprise Court, Suite 100**<br>**Lake Forest, California** | ZIP CODE<br>**92630** | Street Address of Joint Debtor (No. & Street, City, and State): | ZIP CODE |
|---|---|---|---|
| County of Residence or of the Principal Place of Business: **Orange County** | | County of Residence or of the Principal Place of Business: | |
| Mailing Address of Debtor (if different from street address): | ZIP CODE | Mailing Address of Joint Debtor (if different from street address): | ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>Connecticut, New Jersey | | | ZIP CODE |

| **Type of Debtor**<br>(Form of Organization)<br>(Check **one** box.) | **Nature of Business**<br>(Check **one** box.) | **Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check **one** box) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☒ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)<br>_____ | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☒ Other | ☐ Chapter 7<br>☐ Chapter 9<br>☒ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13   ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |
| | **Tax-Exempt Entity**<br>(Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check **one** box)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."   ☒ Debts are primarily business debts. |

| **Filing Fee** (Check **one** box.) | **Chapter 11 Debtors** |
|---|---|
| ☒ Full Filing Fee attached.<br>☐ Filing Fee to be paid in installments (applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment on 4/01/13 and every three years thereafter*).<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☒ A plan is being filed with this petition.<br>☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

**Statistical/Administrative Information**

☒ Debtor estimates that funds will be available for distribution to unsecured creditors.

☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0- to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0- to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**InSight Health Services Holdings Corp.** | | |
|---|---|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** *(If more than two, attach additional sheet.)* | | | |
|---|---|---|---|
| Location<br>Where Filed: **District of Delaware** | Case Number:<br>**07-10700** | | Date Filed:<br>**May 29, 2007** |
| Location<br>Where Filed: | Case Number: | | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** *(If more than one, attach additional sheet.)* | | | |
|---|---|---|---|
| Name of Debtor: **See Rider 1** | Case Number: | | Date Filed: |
| District: | Relationship: | | Judge: |

| **Exhibit A**<br><br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☒ Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual<br>whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>    Signature of Attorney for Debtor(s)         (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

    ☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

    ☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

    ☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

    ☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

    ☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

    ☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

                _____<br>                 (Name of landlord that obtained judgment)

                 _____<br>                 (Address of landlord)

    ☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

    ☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

    ☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(1)).

| **Voluntary Petition** | Name of Debtor(s): |
| *(This page must be completed and filed in every case)* | **InSight Health Services Holdings Corp.** |

**Signatures**

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |

<table>
<tr>
<td>

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
    Signature of Debtor

X _____
    Signature of Joint Debtor

_____
    Telephone Number (If not represented by attorney)

_____
    Date

</td>
<td>

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____

_____
    (Signature of Foreign Representative)

_____
    (Printed Name of Foreign Representative)

_____
    Date

</td>
</tr>
<tr>
<td>

**Signature of Attorney\***

X */s/ Edward O. Sassower*
    Signature of Attorney for Debtor(s)

**Edward O. Sassower**
    Printed Name of Attorney for Debtor(s)

**Kirkland & Ellis LLP**
    Firm Name

**601 Lexington Avenue**
**New York, New York 10022**
    Address

**(212) 446-4800**
    Telephone Number

**December 10, 2010**
    Date

\*  In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

</td>
<td rowspan="2">

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official form 19B is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

_____

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form of each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.*

</td>
</tr>
<tr>
<td>

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X */s/ Keith S. Kelson*
    Signature of Authorized Individual

**Keith S. Kelson**
    Printed Name of Authorized Individual

**Authorized Signatory**
    Title of Authorized Individual

**December 10, 2010**
    Date

</td>
</tr>
</table>

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| INSIGHT HEALTH SERVICES HOLDINGS CORP. | ) Case No. 10-_____ (___) |
| | ) |
| Debtor. | ) |
| | ) |

## Exhibit "A" to Voluntary Petition

1.     The Debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, and the Debtors' Securities Exchange Commission file number is 333-75984-12.

2.     The following financial data is the latest available information as of November 15, 2010.

| | | |
|---|---|---|
| a. | Total assets (book value) | $140,098,000 |
| b. | Total debts (including debts listed in 2.c.,below) | $319,762,000 |
| c. | Debt securities held by more than 500 holders. | None |
| d. | Number of shares of preferred stock | None |
| e. | Number of Holders of Preferred Stock | None |
| f. | Number of shares of common stock | 8,644,444 |
| g. | Number of Holders of Common Stock | Approximately 350 |

Comments if any:

3.     Brief description of the Debtor's business:

InSight Health Services Holdings Corp. and its affiliates (collectively, the "Company") are a leading provider of diagnostic medical imaging services through a network consisting of 62 fixed-site imaging centers and 104 mobile facilities in over 30 states. The Company's services are used by physicians for the diagnosis and assessment of diseases and other medical conditions.

4.   List the name of any person who directly or indirectly beneficially owns, controls or holds, with power to vote, 5% or more of the voting securities of the Debtor:

| Title of Class of Shares | Name of Holder | Percentage of Shares of Ownership |
|---|---|---|
| Common Stock | James D. Bennett | 23.6% |
| Common Stock | Bennett Restructuring Fund, L.P. | 14.0% |
| Common Stock | Cohanzick Absolute Return Master Fund, Limited | 11.5% |
| Common Stock | JPMorgan Chase & Co. | 8.5% |
| Common Stock | Bennett Offshore Restructuring Fund, Inc. | 8.4% |
| Common Stock | J.W. Childs Equity Partners II, L.P. | 8.0% |

**Rider 1**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in this court for relief under chapter 11 of title 11 of the United States Bankruptcy Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of InSight Health Services Holdings Corp.

1.    InSight Health Services Holdings Corp.

2.    InSight Health Services Corp.

3.    Comprehensive Medical Imaging Centers, Inc.

4.    Comprehensive Medical Imaging, Inc.

5.    InSight Health Corp.

6.    Maxum Health Services Corp.

7.    North Carolina Mobile Imaging I LLC

8.    North Carolina Mobile Imaging II LLC

9.    North Carolina Mobile Imaging III LLC

10.   North Carolina Mobile Imaging IV LLC

11.   North Carolina Mobile Imaging V LLC

12.   North Carolina Mobile Imaging VI LLC

13.   North Carolina Mobile Imaging VII LLC

14.   Open MRI, Inc.

15.   Orange County Regional PET Center - Irvine, LLC

16.   Parkway Imaging Center, LLC

17.   Signal Medical Services, Inc.

# RESOLUTIONS OF BOARD OF DIRECTORS OF
## INSIGHT HEALTH SERVICES HOLDINGS CORP.

Effective as of this 10th day of December, 2010, the members constituting a majority of the votes of a quorum of the board of directors (collectively the "Board of Directors") of InSight Health Services Holdings Corp. (the "Company"), a Delaware corporation, acting pursuant to the Company's organizational documents, took the following actions and adopted the following resolutions:

WHEREAS, the Board of Directors reviewed the materials presented by the management and the financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it and the impact of the foregoing on the Company's business;

WHEREAS, the Board of Directors has had the opportunity to consult with the management and the financial and legal advisors of the Company and fully consider each of the strategic alternatives available to the Company;

WHEREAS, the Company, as the borrower, proposes to enter into that certain Credit Agreement (as amended, supplemented, restated or otherwise modified from time to time and together with all exhibits, schedules and annexes thereto, the "DIP Credit Agreement"), dated on or about the date hereof, with Bank of America, N.A. (the "Lender"); and

WHEREAS, the Company will obtain direct and indirect benefits from the transactions contemplated in the DIP Credit Agreement.

NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the Board of Directors, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be and hereby is authorized to commence solicitation of votes to accept the plan of reorganization (the "Plan") with the attendant documents, substantially in the form reviewed by the Board of Directors, which include the disclosure statement and the exhibits thereto (of which the term sheets are part) and to take any necessary or appropriate action related thereto, and the Company shall be and hereby is authorized, after commencing solicitation of votes to accept the Plan, to file or cause to be filed a voluntary petition for relief (such voluntary petition, and the voluntary petitions to be filed by certain of the Company's affiliates, collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

RESOLVED FURTHER, that Louis E. Hallman, III, Keith Kelson, Michael C. Jones, Donna Walker, or any other officers of the Company (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, empowered and directed to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business;

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland & Ellis LLP;

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Jefferies & Company, Inc. as investment banker and financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Jefferies & Company, Inc.;

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Zolfo Cooper, LLC as restructuring advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Zolfo Cooper, LLC;

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of

K&E 17952934

BMC Group, Inc. as notice, claims, and balloting agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of BMC Group, Inc.;

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary;

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that the Authorized Officers deem necessary, proper, or desirable in connection with the Company's chapter 11 case, with a view to the successful prosecution of such case;

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized, empowered and directed to use in connection with the Company's chapter 11 case any cash collateral, with or without the consent or support of any counterparties to any agreement or order related to any such cash collateral, including agreement(s) that may require the Company to grant liens and pay interest to the Company's existing lender(s), and to take such additional action and to execute and deliver each other agreement, instrument or document to be executed and delivered by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as the Authorized Officers approve, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof;

RESOLVED FURTHER, that the Company, as debtor and debtor in possession under the Chapter 11 Cases shall be, and hereby is, authorized by the Board of Directors to: (a) undertake

any and all transactions contemplated in the DIP Credit Agreement on substantially the terms and subject to the conditions either described at this meeting or as set forth in the DIP Credit Agreement or as may hereafter be fixed or authorized by the Board of Directors or the Authorized Officers; (b) borrow funds from, request the issuance of letters of credit, provide guaranties to and undertake any and all related transactions contemplated thereby (collectively, the "<u>Financing Transactions</u>" and each such transaction a "<u>Financing Transaction</u>") with such lenders and on such terms as may be approved by any one or more of the Authorized Officers, as reasonably necessary for the continuing conduct of the affairs of the Company; (c) finalize the DIP Credit Agreement, Financing Transactions, and term sheets, consistent in all material respect with those that have been presented to and reviewed by the Board of Directors; and (d) pay related fees and grant security interests in and liens upon some, all or substantially all of the Company's assets, as may be deemed necessary by any one or more of the Authorized Officers in connection with such borrowings;

RESOLVED FURTHER, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, directed and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to take such actions and negotiate or cause to be prepared and negotiated and to execute and file all such instruments and documents and "Loan Documents" (as defined in the DIP Credit Agreement) (collectively, the "<u>DIP Loan Documents</u>"), and other agreements, certificates, contracts, bonds, documents, disclosure documents, instruments, receipts, petitions, motions or other papers, incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, as such Authorized Officer shall in his or her judgment determine to be necessary or appropriate to consummate the transactions contemplated by the DIP Credit Agreement and DIP Loan Documents, which determination shall be conclusively evidenced by his or their execution or delivery thereof;

RESOLVED FURTHER, that the form, terms and provisions of the DIP Credit Agreement and each of the other DIP Loan Documents, in substantially the form submitted to the Board of Directors, be, and the same hereby are in all respects approved, and that any Authorized Officers or other officer of the Company is hereby authorized and empowered, in the name of and on behalf of the Company, to execute and deliver and to execute and file each of the DIP Loan Documents to which the Company is a party, each in the form or substantially in the form thereof submitted to the Board of Directors, with such changes, additions and

4

modifications thereto as the officer of the Company executing the same shall approve, such approval to be conclusively evidenced by such officer's execution and delivery thereof;

RESOLVED FURTHER, that each of the Authorized Officers (and their designees), acting alone, hereby is authorized, directed and empowered from time to time in the name and on behalf of the Company to take any and all such actions, and to execute and deliver or cause to be executed and delivered or to execute and file under seal of the Company or otherwise, any and all such other documents, agreements, certificates, writings, petitions, motions and instruments to be delivered in connection with the DIP Loan Documents (including, without limitation, any amendments, supplements or modifications to the DIP Loan Documents and such other documents, agreements (including, without limitation, security agreements, mortgages and guarantees), certificates, writings and instruments to be delivered in connection therewith), and to grant the security interests in or liens on any real or personal property of the Company now or hereafter acquired as contemplated by the DIP Loan Documents, with full authority to indorse, assign or guarantee any of the foregoing in the name of the Company, in each case, as any such officer may deem necessary or advisable to carry out the intent and purposes of the immediately foregoing resolution, and his or her execution and delivery thereof to be conclusive evidence that he or she deems it necessary or advisable, his or her execution and delivery thereof to be conclusive evidence of his or her authority, to so act and his or her approval thereof;

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed, and each of them, acting alone, hereby is, authorized, directed and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to take such actions and execute and deliver and to execute and file (a) the DIP Loan Documents and such agreements (including, without limitation, security agreements, mortgages and guarantees), certificates, instruments, notices and any and all other documents as the Authorized Officers may deem necessary or appropriate to facilitate the Financing Transactions (collectively, the "Financing Documents"); (b) such other instruments, certificates, notices, assignments, petitions, motions and documents as may be reasonably requested by the Lender; and (c) such forms of deposit and securities account control agreements, officer's certificates and compliance certificates as may be required by the DIP Loan Documents or any other Financing Documents; and to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the DIP Loan Documents and the Financing Documents;

5

RESOLVED FURTHER, that the Authorized Officers and each other officer of the Company be, and each of them hereby is, authorized and empowered to authorize the Lender to file any Uniform Commercial Code (the "UCC") financing statements and any necessary assignments for security or other documents in the name of the Company that the Lender deems necessary or convenient to perfect any lien or security interest granted under the DIP Loan Documents, including any such UCC financing statement containing a super-generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the Lender may reasonably request to perfect the security interests of the Lender on behalf of itself and the other secured parties under the DIP Loan Documents;

RESOLVED FURTHER, that each of the Authorized Officers be, and hereby is, authorized and empowered to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Credit Agreement or any of the other DIP Loan Documents or any of the Financing Documents, and to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers or documents, which shall in their sole judgment be necessary, proper or advisable, which determination shall be conclusively evidenced by his or their execution thereof;

RESOLVED FURTHER, that the Company will obtain benefits from the incurrence of the loans under the DIP Credit Agreement by the Borrower and the occurrence and consummation of the Financing Transactions under the DIP Loan Documents and the transactions under the Financing Documents, which are necessary and convenient to the conduct, promotion and attainment of the business of the Company;

RESOLVED FURTHER, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's or officers' judgment, shall be necessary, advisable or desirable in order to

6

fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

RESOLVED FURTHER, that all members of the Board of Directors of the Company have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice;

RESOLVED FURTHER, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the Board of Directors; and

RESOLVED FURTHER, that the Authorized Officers be and hereby are authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member or managing member of each direct subsidiary of the Company, in each case, as such Authorized Officer shall deem necessary or desirable in such Authorized Officers reasonable business judgment, including without limitation the authorization of resolutions and agreements necessary to authorize the execution, delivery and performance pursuant to any DIP Loan Documents (including affidavits, notices, reaffirmations and amendments and restatements of existing documents) as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

\* \* \* \* \*

K&E 17952934

IN WITNESS WHEREOF, the undersigned has executed this consent as of the date first above written.

_____
Michael C. Jones
Secretary

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| INSIGHT HEALTH SERVICES HOLDINGS | ) | Case No. 10-_____ (___) |
| CORP., <u>et al.</u>,[1] | ) | |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## CONSOLIDATED LIST OF CREDITORS
## HOLDING THE TOP 50 LARGEST UNSECURED CLAIMS

   The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code. The following is the consolidated list of the Debtors' creditors holding the 50 largest unsecured claims (the "<u>Consolidated List</u>") based on the Debtors' books and records as of approximately November 24, 2010. The Consolidated List is prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in these chapter 11 cases. The Consolidated List does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101(31) or (2) secured creditors. None of these creditors are minor children. The information contained herein shall neither constitute an admission of liability by, nor is it binding on, the Debtors. The information herein, including the failure of the Debtors to list any claim as contingent, unliquidated or disputed, does not constitute a waiver of the Debtors' right to contest the validity, priority or amount of any claim.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: InSight Health Services Holdings Corp. (0028); InSight Health Services Corp. (2770); Comprehensive Medical Imaging Centers, Inc. (6946); Comprehensive Medical Imaging, Inc. (2473); InSight Health Corp. (8857); Maxum Health Services Corp. (5957); North Carolina Mobile Imaging I LLC (9930); North Carolina Mobile Imaging II LLC (0165); North Carolina Mobile Imaging III LLC (0251); North Carolina Mobile Imaging IV LLC (0342); North Carolina Mobile Imaging V LLC (0431); North Carolina Mobile Imaging VI LLC (0532); North Carolina Mobile Imaging VII LLC (0607); Open MRI, Inc. (1529); Orange County Regional PET Center - Irvine, LLC (0190); Parkway Imaging Center, LLC (2858); and Signal Medical Services, Inc. (2413). The location of the Debtors' corporate headquarters and the Debtors' service address is: 26250 Enterprise Court, Suite 100, Lake Forest, California 92630.

| (1)<br>Name of Creditor | (2)<br>Creditor Name, telephone number and complete mailing address, including zip code of employee, agents, or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contracts, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to set off | (5)<br>Amount of claim (secured also state value of security) |
|---|---|---|---|---|
| AETNA | AETNA<br>151 FARMINGTON AVENUE<br>HARTFORD, CT 06156<br>Contact: Joseph M. Zubretsky, Chief Financial Officer<br>Tel: 860-273-0123 | Trade Debt | No | $2,039,663.00 |
| CAMELBACK IMAGING ASSOCIATES | CAMELBACK IMAGING ASSOCIATES<br>6002 E EXETER BLVD<br>SCOTTSDALE, AZ 85251<br>Contact: Jordan Cohen<br>Tel: 480-342-9729<br>Fax: 480-342-9730 | Trade Debt | No | $349,000.00 |
| CRUM & FORSTER INSURANCE | CRUM & FORSTER INSURANCE<br>US FIRE INS DEDUCTIBLE<br>305 MADISON AVENUE<br>MORRISTOWN, NJ 07960<br>Contact: James V. Kraus, General Counsel<br>Tel: 973-490-6600<br>Fax: 973-490-6849 | Trade Debt | No | $266,000.00 |
| CATHOLIC HOSPITAL WEST | CATHOLIC HEALTHCARE WEST<br>102 E LAKE MEAD DRIVE<br>HENDERSON, NV 89015<br>Contact: Renato V. Baciarelli, President<br>Tel: 702-564-2622<br>Fax: 602-307-2828 | Trade Debt | No | $250,000.00 |
| IBA MOLECULAR NORTH AMERICA INC. | IBA MOLECULAR NORTH AMERICA INC.<br>21000 ATLANTIC BLVD., STE 730<br>DULLES, VA 20166<br>Contact: Renaud Dehareng<br>Tel: 703-787-7900<br>E-mail: renaud.dehareng@iba-group.com | Trade Debt | No | $250,000.00 |
| WHOLESALE CARRIER SERVICES | WHOLESALE CARRIER SERVICES<br>5471 NORTH UNIVERSITY DRIVE<br>CORAL SPRINGS, FL 33067<br>Contact: Marilyn Krantz, General Counsel<br>Tel: 888-940-5600<br>Fax: 954-905-4265 | Trade Debt | No | $160,000.00 |

| (1)<br>Name of Creditor | (2)<br>Creditor Name, telephone number and complete mailing address, including zip code of employee, agents, or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contracts, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to set off | (5)<br>Amount of claim (secured also state value of security) |
|---|---|---|---|---|
| ASSOCIATION OF ALEXANDRIA RADIOLOGISTS | ASSOCIATION OF ALEXANDRIA RADIOLOGISTS<br>8001 FORBES PLACE<br>STE 103<br>SPRINGFIELD, VA 22151<br>Contact: Richard R Barbu, MD, President<br>Tel: 703-751-4311<br>Fax: 540-891-5769 | Trade Debt | No | $148,000.00 |
| HCCO HOCK CONSTRUCTION COMPANY | HCCO – HOCK CONSTRUCTION COMPANY<br>1125 CAMINO DEL MAR<br>SUITE #E<br>DEL MAR, CA 92014<br>Contact: Chief Financial Officer<br>Tel: (858) 259-5109<br>Fax: (858) 259-5152 | Trade Debt | No | $128,000.00 |
| ADVANCED MOBILITY & SHELTER TECHNOLOGIES | ADVANCED MOBILITY & SHELTER TECHNOLOGIES<br>6370 W EMERALD PARKWAY #106<br>MONEE, IL 60449<br>Contact: Larry Sodomire, Chief Operating Officer<br>Tel: 708 235 2800<br>Fax: 708 235 2002 | Trade Debt | No | $115,000.00 |
| SOUTHWEST NEURO-IMAGING LTD. | SOUTHWEST NEURO-IMAGING LTD.<br>2141 E CAMELBACK ROAD #230<br>PHOENIX, AZ 85016<br>Contact: C. Roger Bird, M.D. President<br>Tel: 602-954-6228 | Trade Debt | No | $101,000.00 |
| NHD-NATIONAL HEALTHCARE DISTRIBUTORS INC | NHD-NATIONAL HEALTHCARE DISTRIBUTORS INC<br>23250 CHAGRIN BLVD #430<br>BEACHWOOD, OH 44122<br>Contact: Bill Mena<br>Tel: 805-581-1980 | Trade Debt | No | $100,000.00 |
| MOBILE MD, INC | MOBILE MD, INC<br>626 JACKSONVILLE RD<br>STE 101<br>WARMINSTER, PA 18974<br>Contact: Todd J. Fisher, CEO<br>Tel: 215-420-1162 | Trade Debt | No | $100,000.00 |

| (1) Name of Creditor | (2) Creditor Name, telephone number and complete mailing address, including zip code of employee, agents, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contracts, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed or subject to set off | (5) Amount of claim (secured also state value of security) |
|---|---|---|---|---|
| RADIOLOGY SPECIALISTS, LTD | RADIOLOGY SPECIALISTS, LTD 4101 WAGON TRAIL AVE LAS VEGAS, NV 89118-4426 Contact: David Gorczya, President Tel: 702-942-4123 | Trade Debt | No | $99,000.00 |
| MURRAY SOLOMON MD | MURRAY SOLOMON MD 800 POLLARD ROAD SUITE B101 LOS GATOS, CA 95032 Contact: Murray Solomon, MD Tel: 408-374-8897 | Trade Debt | No | $92,000.00 |
| MERGE eMED INC. | MERGE EMED INC. 6737 WEST WASHINGTON STREET MILWAUKEE, WI 53214 Contact: Gary A. Lortie, Chief Financial Officer | Trade Debt | No | $90,000.00 |
| NEW ENGLAND BAPTIST RADIOLOGY PC | NEW ENGLAND BAPTIST RADIOLOGY PC 125 PARKER HILL AVE BOSTON, MA 02120 Contact: Dr. Joel Newman Tel: 617-754-6695 | Trade Debt | No | $88,000.00 |
| IMAGING PARTNERS MEDICAL GROUP | IMAGING PARTNERS MEDICAL GROUP 465 ARBOL VIA WALNUT CREEK, CA 94598 Contact: Geoff Riley Tel: 925-327-0015 | Trade Debt | No | $88,000.00 |
| BANK OF AMERICA | BANK OF AMERICA, N A 300 GALLERIA PARKWAY SUITE 800 ATLANTA, GA 30339 Contact: Charles H. Noski, Chief Financial Officer Tel: 800-432-1000 | Trade Debt | No | $88,000.00 |
| ADVANCED DIAGNOSTIC IMAGING P.C. | ADVANCED DIAGNOSTIC IMAGING P C 3024 BUSINESS PARK CIRCLE GOODLETTSVILLE, TN 37072 Contact: Chad Caledine, MD Tel: 615-239-2046 | Trade Debt | No | $78,000.00 |

| (1)<br>Name of Creditor | (2)<br>Creditor Name, telephone number and complete mailing address, including zip code of employee, agents, or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contracts, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to set off | (5)<br>Amount of claim (secured also state value of security) |
|---|---|---|---|---|
| HOST.NET | HOST.NET<br>3500 NW BOCA RATON BLVD, STE 901<br>BOCA RATON, FL 33431<br>Contact: Cathy Davis, Controller<br>Tel: 561-869-6100 | Trade Debt | No | $75,000.00 |
| DMS IMAGING | DMS IMAGING<br>SDS 12-2208<br>PO BOX 86<br>MINNEAPOLIS, MN 55486-2208<br>Contact: Stacie Heiden, Chief Financial Officer<br>Tel: 800-437-4628 | Trade Debt | No | $70,000.00 |
| CARESTREAM HEALTH INC. | CARESTREAM HEALTH INC.<br>DEPT CH 19286<br>PALATINE, IL 60055-9286<br>Contact: Mary Lou Lanni<br>Tel: 203-661-1581 | Trade Debt | No | $66,000.00 |
| WINDBER MEDICAL CENTER | WINDBER MEDICAL CENTER<br>600 SOMERSET AVE.<br>WINDBER, PA 15963<br>Contact: Linda Fanale, Chief Financial Officer<br>Tel: 814-467-3000 | Trade Debt | No | $64,000.00 |
| KINGSBROOKS DEVELOPMENT | KINGSBROOKS DEVELOPMENT<br>290 PRATT ST<br>MERIDEN, CT 06450<br>Contact: David W. Seymour, President<br>Tel: 203-238-3739 | Trade Debt | No | $55,000.00 |
| US MOBILE IMAGING | US MOBILE IMAGING<br>PO BOX 808<br>CUMBERLAND, MD 21501-0808<br>Contact: Kim Miller<br>Tel: 304-292-9742 | Trade Debt | No | $52,000.00 |
| MCKESSON | MCKESSON<br>PO BOX 841838<br>DALLAS, TX 75284-1838<br>Contacts: Carrie Campbell<br>Tel: 800-933-4633 x8671 | Trade Debt | No | $50,000.00 |

| (1)<br>Name of Creditor | (2)<br>Creditor Name, telephone number and complete mailing address, including zip code of employee, agents, or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contracts, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to set off | (5)<br>Amount of claim (secured also state value of security) |
|---|---|---|---|---|
| STAPLES ADVANTAGE | STAPLES ADVANTAGE<br>DEPT LA<br>PO BOX 83689<br>CHICAGO, IL 60696-3689<br>Contact: John J. Mahoney, Chief Financial Officer<br>Tel: 508-253-5000 | Trade Debt | No | $50,000.00 |
| MEDNETPARTNERS | MEDNETPARTNERS<br>11021 SAINT GREGORY<br>CINCINNATI, OH 45202<br>Contact: Michael Roberts<br>Tel: 469-396-8460 | Trade Debt | No | $50,000.00 |
| MCKESSON MEDICAL SURGICAL INC. | MCKESSON MEDICAL SURGICAL INC.<br>8741 LANDMARK RD.<br>RICHMOND, VA 23228<br>Contact: Jeffrey C. Campbell, Chief Financial Officer<br>Tel: 800-446-3008 | Trade Debt | No | $50,000.00 |
| KIECKHAFER, SCHIFFER & CO, LLP | KIECKHAFER, SCHIFFER & CO, LLP<br>6201 OAK CANYON DR.<br>STE 200<br>IRVINE, CA 92618<br>Contact: James C. Kieckhafer<br>Tel: 949-270-7800<br>Fax: 949-250-2956 | Trade Debt | No | $44,000.00 |
| COMDATA NETWORK | COMDATA NETWORK<br>ATTN: CASH DEPOSIT<br>5301 MARYLAND WAY<br>BRENTWOOD, TN 37027<br>Contact: Brett Rodenwald<br>Tel: 615-370-7000 | Trade Debt | No | $40,000.00 |
| PETNET SOLUTIONS INC. | PETNET SOLUTIONS INC.<br>PO BOX 2714<br>CAROL STREAM, IL 60132-2714<br>Contact: Susan Minerich<br>Tel: 206-282-2431 | Trade Debt | No | $40,000.00 |
| CDW GOVERNMENT INC. | CDW GOVERNMENT INC.<br>75 REMITTANCE DRIVE,<br>SUITE 1515<br>CHICAGO, IL 60675-1515<br>Contact: Ann E. Ziegler, Senior Vice President and Chief Financial Officer<br>Tel: 800-808-4239 | Trade Debt | No | $38,000.00 |

| (1) Name of Creditor | (2) Creditor Name, telephone number and complete mailing address, including zip code of employee, agents, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contracts, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed or subject to set off | (5) Amount of claim (secured also state value of security) |
|---|---|---|---|---|
| OUTSOURCING SOLUTIONS INC. | OUTSOURCING SOLUTIONS INC. PO BOX 934711 ATLANTA, GA 31193-4711 Contact: Andy Renfroe, Managing Partner Tel: 561-575-5499 | Trade Debt | No | $38,000.00 |
| NAVICURE, INC. | NAVICURE, INC. 2055 SUGARLOAF CIRCLE SUITE 600 DULUTH, GEORGIA 30097 Contact: Jim Denny Tel: 770-342-0201 Fax: 770-476-9332 | Trade Debt | No | $35,000.00 |
| VALTECH TECHNOLIGIES INC. | VALTECH TECHNOLIGIES INC. 19111 N DALLAS PARKWAY STE 300 DALLAS, TX 75287 Contact: Andrew Stephens, Chief Financial Officer Tel: 972-789-1200 | Trade Debt | No | $35,000.00 |
| WEST PHYSICS CONSULTING LLC | WEST PHYSICS CONSULTING LLC 3825 PACES WALK SE SUITE 250 ATLANTA, GA 30339 Contact: Dennis L. Runnion, Business Mgr. Tel: 770-435-9186 | Trade Debt | No | $35,000.00 |
| GENERAL ELECTRIC MEDICAL SYS | GENERAL ELECTRIC MEDICAL SYS PO BOX 96483 CHICAGO, IL 60693 Contact: Frank Schulkes, Vice President and Chief Financial Officer Tel: 800-581-5600 | Trade Debt | No | $35,000.00 |
| AT&T | AT&T CORPORATE HEADQUARTERS 208 S. AKARD STREET DALLAS, TX 75202 Contact: Richard G. Linder, Senior Executive Vice President and Chief Financial Officer Tel: 800-403-3302 | Trade Debt | No | $35,000.00 |
| GE FLEET SERVICES | GE FLEET SERVICES PO BOX 100363 ATLANTA, GA 30384-0363 Contact: Christina Selby, Chief Financial Officer Tel: 866-615-0658 | Trade Debt | No | $30,000.00 |

| (1)<br>Name of Creditor | (2)<br>Creditor Name, telephone number and complete mailing address, including zip code of employee, agents, or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contracts, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to set off | (5)<br>Amount of claim (secured also state value of security) |
|---|---|---|---|---|
| INSITE ONE INC. | INSITE ONE INC.<br>135 N. PLAINS INDUSTRIAL ROAD<br>WALLINGFORD, CT 06492<br>Contact: Henry Schaffer, Chief Financial Officer<br>Tel: 800-441-0091 | Trade Debt | No | $30,000.00 |
| ARIZONA PUBLIC SERVICE CO. | ARIZONA PUBLIC SERVICE CO.<br>PO BOX 2906<br>PHOENIX, AZ 85062-2906<br>Contact: James R. Hatfield, SVP and CFO<br>Tel: 800-253-9405 | Trade Debt | No | $30,000.00 |
| EMDEON BUSINESS SERVICES | EMDEON BUSINESS SERVICES LLC<br>3055 LEBANON PIKE<br>NASHVILLE, TN 37214<br>Contact: Bob Newport, Chief Financial Officer<br>Tel: 615-932-3000 | Trade Debt | No | $30,000.00 |
| PENSKE TRUCK LEASING CO. L.P. | PENSKE TRUCK LEASING CO. L P<br>PO BOX 532658<br>ATLANTA, GA 30353-2658<br>Contact: Brian Hard, President & CEO<br>Tel: 706-798-4493 | Trade Debt | No | $30,000.00 |
| PROVIDENCE IMAGING CONSULTANTS | PROVIDENCE IMAGING CONSULTANTS<br>2001 NORTH OREGON<br>EL PASO, TX 79902<br>Contact: John Harris, President<br>Tel: 915-581-2130 | Trade Debt | No | $29,000.00 |
| PROSCAN READING SERVICES LLC | PROSCAN READING SERVICES LLC<br>PO BOX 632506<br>CINCINNATI OH 45263-2506<br>Contact: Stephen J. Pomeranz<br>Tel: 513-281-3400 | Trade Debt | No | $28,000.00 |
| IMAGE FIRST | IMAGEFIRST HEALTHCARE LAUNDRY SPECIALISTS<br>CORPORATE OFFICE<br>5 RADNOR CORPORATE CENTER, SUITE 503<br>100 Matsonford Road<br>Radnor, PA 19087<br>Contact: Joe Geraghty<br>Tel: 484-253-7200 | Trade Debt | No | $25,000.00 |

| (1)<br>Name of Creditor | (2)<br>Creditor Name, telephone number and complete mailing address, including zip code of employee, agents, or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contracts, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to set off | (5)<br>Amount of claim (secured also state value of security) |
|---|---|---|---|---|
| DAVIS WRIGHT TREMAINE LLP | DAVIS WRIGHT TREMAINE LLP<br>SUITE 2400<br>865 SOUTH FIGUEROA STREET<br>Los Angeles, California, 90017-2566<br>Contact: Mary H. Haas<br>Tel: 213.633.6800 | Trade Debt | No | $25,000.00 |
| NTH GENERATION COMPUTING INC. | NTH GENERATION COMPUTING, INC.<br>17055 CAMINO SAN BERNARDO<br>SAN DIEGO, CA 92127<br>Contact: Jon Rodriguez<br>Tel: 858-451-2383<br>Fax: 858-673-8431 | Trade Debt | No | $25,000.00 |
| DRINKER BIDDLE & REATH LLP | DRINKER BIDDLE & REATH LLP<br>WELLS FARGO CENTER<br>333 S. GRAND AVE., STE. 1650<br>LOS ANGELES, CA 90071-1504<br>Contact: William A. Hanssen<br>Tel: 213-253-2300<br>Fax: 213-253-2301 | Trade Debt | No | $25,000.00 |

# DECLARATION UNDER PENALTY
## OF PERJURY ON BEHALF OF CORPORATION

Pursuant to 28 U.S.C. § 1746, I, Keith S. Kelson, the duly qualified and authorized signatory of InSight Health Services Holdings Corp., declare under penalty of perjury that I have reviewed the Consolidated List of Creditors Holding the 50 Largest Unsecured Claims and that it is true and correct to the best of my information and belief.

Dated: December 10, 2010                    */s/ Keith S. Kelson*
                                             Keith S. Kelson
                                             Authorized Signatory

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| INSIGHT HEALTH SERVICES HOLDINGS | ) Case No. 10-_____ (___) |
| CORP. | ) |
| | ) |
| Debtor. | ) |
| | ) |

## LIST OF EQUITY SECURITY HOLDERS[2]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| InSight Health Services Holdings Corp. | James D. Bennett | 2 Stamford Plaza, Suite 1501 Stamford, CT 06901 | 23.6% |
| | Bennett Restructuring Fund, L.P. | 2 Stamford Plaza, Suite 1501 Stamford, CT 06901 | 14.0% |
| | Cohanzick Absolute Return Master Fund, Limited | c/o Cohanzick Offshore Advisors, L.P. 427 Bedsford Road New York, NY 10022 | 11.5% |
| | JPMorgan Chase & Co. | 4 New York Plaza. 16th Floor New York, NY 10004 | 8.5% |
| | Bennett Offshore Restructuring Fund, Inc. | 2 Stamford Plaza, Suite 1501 Stamford. CT 06901 | 8.4% |
| | J.W. Childs Equity Partners II, L.P. | 111 Huntington Avenue, Suite 2900 Boston, MA 02199 | 8.0% |

## DECLARATION UNDER PENALTY OF PERJURY

I, Keith S. Kelson, the undersigned authorized signatory of InSight Health Services Holdings Corp., named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list of equity security holders and that it is true and correct to the best of my information and belief.

Dated: December 10, 2010

_/s/ Keith S. Kelson_
Keith S. Kelson
Authorized Signatory

---

[2]  This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are based on information and belief as of September 23, 2010.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | )   Chapter 11 |
| | ) |
| INSIGHT HEALTH SERVICES HOLDINGS CORP. | )   Case No. 10-_____ (___) |
| | ) |
| Debtor. | ) |
| | ) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1007-3 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the above-captioned debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| James D. Bennett | 23.6% |
| Bennett Restructuring Fund, L.P. | 14.0% |
| Cohanzick Absolute Return Master Fund, Limited | 11.5% |

## DECLARATION UNDER PENALTY OF PERJURY

I, Keith S. Kelson, the undersigned authorized signatory of InSight Health Services Holdings Corp., the debtor in this case, declare under penalty of perjury that I have read the foregoing corporate ownership statement and that it is true and correct to the best of my information and belief.

Dated: December 10, 2010      */s/ Keith S. Kelson*
                                            Keith S. Kelson
                                            Authorized Signatory